**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4554**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL ANTONIO GALLOWAY, a/k/a Yoda,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior
District Judge.  (1:06-cr-00309-WLO)

---

Submitted:  January 24, 2008        Decided:  February 12, 2008

---

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

George E. Crump, III, Rockingham, North Carolina, for Appellant.
Anna Mills Wagoner, United States Attorney, Sandra J. Hairston,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Michael Galloway of three counts of distribution of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000). The district court sentenced Galloway to concurrent 240-month sentences. Galloway timely appealed, challenging the sufficiency of the evidence as to one conviction and the admission of evidence under Fed. R. Evid. 404(b). Finding no error, we affirm.

Galloway first contends the evidence was insufficient to support his conviction for Count One, which alleged he distributed crack on or about March 6, 2006. The jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). Viewing the evidence in the light most favorable to the Government and assuming the jury resolved all contradictions in the Government's favor, see United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), we conclude a reasonable finder of fact could accept the evidence presented at trial as adequate and sufficient to establish Galloway guilty beyond a reasonable doubt on the first count. See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

Second, Galloway contends the testimony of a witness who claimed he observed Galloway distribute marijuana on a date not alleged in the indictment was admitted by the district court in

violation of Fed. R. Evid. 404(b).  Rule 404(b) only applies to acts extrinsic to the crime charged; when evidence is admitted "as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible." <u>United States v. Chin</u>, 83 F.3d 83, 88 (4th Cir. 1996).  In light of this principle, we conclude the district court did not abuse its discretion in admitting this testimony.  <u>See</u> <u>United States v. Williams</u>, 445 F.3d 724, 732 (4th Cir.), <u>cert. denied</u>, 127 S. Ct. 314 (2006) (holding abuse of discretion only occurs when trial court acted arbitrarily or irrationally in admitting evidence).

Accordingly, we affirm Galloway's convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>